John E. Bohyer
Ryan T. Heuwinkel
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

---

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | Cause No. CV-22-_____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| MCCOY EXCAVATION, LLC, CHRISTIAN MCCOY, PETRA, INC., | |
| Defendants. | |

---

Plaintiff Acuity, A Mutual Insurance Company ("Acuity"), through its undersigned attorneys, brings this action for declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02, against Defendants McCoy Excavation, LLC, Christian McCoy, and Petra, Inc., alleging as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory relief under 28 U.S.C. § 2201 related to insurance coverage for claims alleged in an arbitration proceeding before the American Arbitration Association, captioned *Petra, Inc. v. McCoy Excavation, LLC and Christian McCoy* (the "Arbitration"), and any related claims or lawsuits, which arise from McCoy Excavation's and Christian McCoy's alleged failure to perform under a conduct with Petra for the provision of labor and materials for the construction of an apartment building in Bozeman, Montana, and alleged conversion of funds advanced by Petra. A copy of the February 22, 2022 Arbitration Demand is attached as **Exhibit A.**

2. The Arbitration Demand generally alleges that McCoy Excavation and Christian McCoy did not provide sufficient workers to complete the Project in a timely manner, did not provide materials and piping for the Project, converted $388,827.00 advanced by Petra to purchase piping for the Project, delayed the Project, and failed to cure its defaults on the Project, all in breach of the Subcontract Agreement.

3. Acuity seeks a declaratory judgment that (1) it has no duty to defend or indemnify McCoy Excavation and Christian McCoy under insurance policy number ZF3606 issued by Acuity to Named Insured McCoy Excavation (the

"Policy") with respect to the Arbitration and (2) that Acuity may recoup attorneys' fees, defense costs, and settlement sums paid on McCoy Excavation's and Christian McCoy's behalf as authorized by Montana law.

4. A declaratory judgment is appropriate in this matter because McCoy Excavation and Christian McCoy claim they are entitled to insurance coverage from Acuity with respect to the claims asserted in and related to the Arbitration and Acuity disputes that it has any duty to defend or indemnify McCoy Excavation and Christian McCoy. Declaratory relief is also proper because Acuity is providing McCoy Excavation and Christian McCoy a defense to the Arbitration and the claims related thereto under a reservation of rights at the same time Acuity seeks this declaratory judgment.

## THE PARTIES

5. Plaintiff Acuity is a company organized under the laws of the State of Wisconsin with its principal place of business at Sheboygan, Wisconsin. Acuity is therefore a citizen of Wisconsin for purposes of federal diversity jurisdiction.

6. Defendant McCoy Excavation is a Montana limited liability company with its principal place of business in Belgrade, Gallatin County, Montana. Upon information and belief, Christian McCoy is the manager and only member of McCoy Excavation, and Christian McCoy lives in Bozeman, Gallatin County,

Montana. McCoy Excavation and Christian McCoy are thus citizens of Montana for purposes of federal diversity jurisdiction.

7. Defendant Petra, Inc. is an Idaho corporation with its principal place of business in Meridian, Idaho. Petra is thus a citizen of Idaho for purposes of federal diversity jurisdiction.

8. Petra is a proper party to this declaratory judgment action because it may be affected by a finding that Acuity owes no duty to defend or indemnify McCoy with regard to the Arbitration and any claims related to the Arbitration Demand.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. This Court has personal jurisdiction over McCoy Excavation because it is a Montana limited liability company based in Belgrade, Gallatin County, Montana, and its manager and sole member, Christian McCoy, is a resident of Bozeman, Gallatin County, Montana.

11. This Court has personal jurisdiction over Christian McCoy because, upon information and belief, he resides in Bozeman, Gallatin County, Montana.

12.     This Court has personal jurisdiction over Petra, Inc. because, it transacted business in Bozeman, Montana, owned, used, or possessed property in Bozeman, Montana, and entered into a contract for the construction of an apartment building in Bozeman, Montana; and this lawsuit arises from those activities.

13.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because, in addition to the claims for all actual, consequential, compensatory, and punitive damages, and interest, attorneys' fees, and costs, the Arbitration Demand seeks the return of the $393,135.65 Petra advanced to McCoy for the construction of the apartment building. *E.g.,* Ex. A, ¶¶ 21-22, 58, 79, 85, 91, 98.

14.     Venue is proper in the U.S. District Court for the District of Montana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Montana and a substantial part of property that is the subject of the action is situated in Montana.

15.     Venue is proper in the Butte Division of this Court pursuant to Local Rule of Procedure 3.2(b) because venue would be proper in Gallatin County, Montana pursuant to Mont. Code Ann. §§ 25-2-121(1)(a) because Defendants McCoy Excavation and Christian McCoy reside in Gallatin County, Montana, and Gallatin County, Montana lies within the Butte Division of this Court. Moreover,

venue is also proper in Gallatin County, Montana pursuant to Mont. Code Ann. § 25-2-121(1)(b) and (2)(c) because this lawsuit relates to an insurance contract and the alleged loss or injury occurred in Gallatin County, Montana.

16. Title 28 U.S.C. §§ 2201-02 authorize this Court to grant the relief requested by Acuity.

## GENERAL ALLEGATIONS

17. Acuity issued Policy No. ZF3606 to Named Insured McCoy Excavating, LLC for the policy period 3-19-21 through 3-19-22 (the "Policy"). A true and correct, Bates Numbered, certified copy of the Policy is attached as **Exhibit B**. The Policy contains general liability, medical payments, and commercial excess liability coverages.

18. The Arbitration Demand alleges in pertinent part:

    a. Claimant Petra, Inc. is an Idaho-based construction contractor that is the general contractor for an apartment complex on Tschache Lane, in Bozeman, MT (the "Project"). Petra's contract for the Project was signed on May 13, 2021. Ex. A, ¶¶ 3, 9.

    b. On July 13, 2021, Petra entered into a Subcontract with McCoy Excavation to "provide all labor, equipment and materials for all Earthwork, Exterior Improvements, Site Concrete, Asphalt Paving, Striping, Signage & Utilities" for the Project." *Id.,* ¶¶ 10, 12.

      c.      "The full scope of McCoy Excavation's work was outlined in further detail in the Subcontract, and included 'all piping' for (1) 'all water and fire lines and connect to mains as required — including taps,' (2) 'all storm drain system,' and (3) 'sanitary sewer lines of all types and sizes.'" *Id.,* ¶ 13.

      d.      The Subcontract provided that time was of the essence and that the "timely procurement and installation of utility, storm water, and sanitary sewer, and related underground piping necessary for initial site work and excavation for the Project were critical to maintain the Project schedule." *Id.,* ¶¶ 11, 14.

      e.      After the execution of the Subcontract, Christian McCoy represented to Petra that McCoy excavation was unable to secure the necessary credit to purchase the piping for the Project, so, to keep things moving, Petra "permitted McCoy Excavation to submit a payment application for the funds necessary to purchase the piping." *Id.,* ¶¶ 15-16.

      f.      About July 31, 2021, McCoy Excavation submitted its first Application for Payment in the amount of $413,827.00, which included $25,000.00 for mobilization, $129,609.00 for "Sanitary Sewer," $129,609.00 for "Water/Fire," and $129,609.00 for "Storm Sewer." *Id.,* ¶ 17.

      g.      On August 1, 2021, Christian McCoy executed the Application, representing that "McCoy Excavation agreed '[t]hat said payment shall be received as a trust fund and applied by the undersigned, first for the discharge of his

obligations for all labor, subcontract work, materials, equipment, supplies, services, sales taxes, use taxes, payroll taxes, etc. in connection with this project.'" ¶ 18. Christian McCoy also signed a Conditional Waiver and Release of Lien for $393,135.65 on the same day. *Id.,* ¶ 20.

   h. Petra approved the Application and "issued payment to McCoy Excavation totaling $393,135.65 "on August 15, 2021. ¶ 21. "Of the $393,135.65 paid to McCoy Excavation, $388,827.00 was an advance of funds to procure piping for the Project." ¶ 22.

   i. In September of 2021, Petra contacted McCoy's purported pipe supplier for the Project and confirmed that McCoy had never ordered any piping for the Project, a fact that McCoy has not refuted. *Id.,* ¶¶ 35-38.

   j. As of February 22, 2022, the date the Arbitration Demand was filed, McCoy has not delivered any piping to the Project site. *Id.,* ¶ 23.

   k. In August of 2022, Petra noticed that McCoy was not providing sufficient manpower to complete necessary work in a timely manner and because of this, the Project was progressing slowly, so Petra notified McCoy that McCoy needed to provide more manpower to avoid further delays. *Id.,* ¶¶ 24-26.

   l. On August 23, 2022, Petra provided its first 48 Hour Notice of Default to McCoy Excavation, stating that McCoy Excavation was in default of the Subcontract by failing to provide adequate manpower on the Project and falling

behind schedule on the mass excavation, and directing McCoy to cure those defaults and provide a recovery plan detailing how McCoy Excavation would remedy the stated Subcontract defaults. *Id.,* ¶¶ 27-29.

      m.    McCoy Excavation failed to provide Petra with a recovery plan within forty-eight hours, or at any point thereafter, and McCoy Excavation failed to cure the stated defaults within 48 hours of the Notice. *Id.,* ¶¶ 30-31.

      n.    On October 29, 2021, Petra provided McCoy its second 48-Hour Notice to McCoy, alleging McCoy was in default for:

      i.    Failing to provide adequate manpower on the Project;
      ii.    Falling behind schedule on numerous work items, including erosion control, SWPPP work, site excavation, demolition, and subgrade preparation work;
      iii.    Failing to procure necessary material, including piping;
      iv.    Failing to take necessary actions to remedy delays following the receipt of written notice of such delays; and,
      v.    Failing to take necessary action to provide increased manpower following the receipt of written notice of failure to prosecute work with promptness and diligence.

*Id.,* ¶ 41.

      o.    McCoy failed to respond to the second 48-Hour Notice. *Id.,* ¶ 42.

      p.    On January 10, Petra sent McCoy Notice of Termination, based on the following grounds:

      i.    Failure to procure materials, including piping;

        ii.      Failure to provide sufficient manpower to maintain the Project schedule;

        iii.     Failure to account for the advancement of funds for the utility piping; and,

        iv.     Failure to cure breaches detailed in the first and second 48-Hour Notices.

*Id.,* ¶ 44.

        q.     Petra also alleges that Christian McCoy is an insider and an alter ego of McCoy Excavation, that Christian McCoy did not maintain the requisite separation between himself and McCoy Excavation, and that McCoy Excavation is a mere instrumentality for the transaction of Christian McCoy's affairs, such that the corporate form of McCoy Excavation should not protect Christian McCoy from personal liability. *Id.,* ¶¶ 45-49.

        r.     Based on the foregoing allegations, the Arbitration Demand pleads causes of action for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Fraud, Constructive Fraud, Conversion, and Unjust Enrichment. *Id.,* ¶¶ 50-100.

        s.     For these causes of action, Petra seeks "an award in its favor and against McCoy Excavation and Christian McCoy, jointly and severally, for all actual, consequential, and compensatory damages, interest, attorneys' fees and costs, and for any further and greater relief as the Arbiter deems just and proper." The Cover Sheet for the Arbitration Demand also notes that Petra seeks punitive damages.

19. On May 3, 2022, McCoy's insurance agent reported the Claim to Acuity.

20. By letter dated May 25, 2022, which was sent via certified mail with return receipt requested to the physical location listed on the Policy, Acuity wrote McCoy to advise that it was retaining counsel to investigate coverage for McCoy with respect to the Arbitration Demand subject to a complete reservation of rights because the Arbitration Demand did not appear to allege an occurrence or property damage, bodily injury, or personal and advertising injury. **Exhibit C** (the "RoR Letter"). The May 25, 2022 RoR Letter cited specific portions of the Policy that could limit or preclude coverage and expressly advised McCoy that Acuity did not "admit any liability or coverage or waive any of rights which it has or may have to disclaim coverage or liability …" The May 25, 2022 RoR Letter was returned to Acuity as undeliverable, but it was resent to various potential addresses for McCoy Excavation and Christian McCoy, and their attorney, on June 29, 2022. *Id.*

21. On May 27, 2022 Acuity hired defense counsel for McCoy Excavation and Christian McCoy subject to the prior reservation of rights.

22. On July 5, 2022, Acuity issued a supplemental reservation of rights letter providing further detail on Acuity's coverage defenses and advising McCoy Excavation and Christian McCoy that Acuity reserved its right to recoup all attorneys' fees, defense costs, and indemnity payments expended on behalf of

McCoy Excavation and Christian McCoy. **Exhibit D** ("Supplemental RoR Letter") (citing *Nat'l Indem. Co. v. State*, 2021 MT 300, ¶ 41, 499 P.3d 516).

## COUNT ONE: DECLARATORY JUDGMENT

23.     Acuity incorporates all the preceding allegations as if set forth fully herein.

24.     Although the Policy also contains Medical Payments Coverage ("Coverage C"), only the Bodily Injury and Property Damage Liability ("Coverage A"), Personal and Advertising Injury Liability ("Coverage B") and Commercial Excess Liability coverages are even conceivably at issue here, where the question is whether Acuity owes a duty to defend or indemnify McCoy Excavation and Christian McCoy with respect to the claims asserted in or related to the Arbitration Demand.

25.     Coverage A, Bodily Injury and Property Damage Liability, provides that Acuity will pay those sums the insureds McCoy Excavation and Christian McCoy[1] become legally obligated to pay as damages because of "bodily injury" or "property damage", to which the insurance applies and which is not otherwise excluded. Ex. A, at ACUITY 000006. Coverage A further provides that Acuity will defend the insureds against suits seeking covered damages, but that

---

[1] Because McCoy Excavating is a limited liability company, and Acuity understands that Christian McCoy is its member, Christian McCoy is an insured, but only with respect to the conduct of his business McCoy Excavation. Ex. A, ACUITY 0000014.

Acuity has no duty to defend insureds against suits seeking damages for "bodily injury" or "property damage" to which the Policy does not apply. *Id.*

26. The Arbitration Demand does not seek damages for "bodily injury" because it does not allege McCoy is liable for "bodily injury, sickness or disease, sustained by a person, including death resulting from any of these at any time." Ex. A, at ACUITY 0000017.

27. The Arbitration Demand does not seek damages for "property damage", which the Policy defines in pertinent part as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured." Ex. A, at ACUITY 0000020.

28. Rather, the Arbitration Demand seeks solely economic damages due to McCoy's failure to perform under the contract and for McCoy's retention of the $393,135.65 Petra advanced to McCoy for the Project. Such economic damages are not "property damage" under Montana law. *Graber v. State Farm Fire & Cas. Co.* 244 Mont. 265, 269, 797 P.2d 214, 216-17 (Mont. 1990); *W. Am. Ins. Co. v. MVP Holdings, LLC*, No. CV 20-59-M-DWM, 2020 U.S. Dist. LEXIS 217037, 2020 WL 6799003 (D. Mont. Nov. 19, 2020); *Mid-Century Ins. Co. v. Windfall, Inc.*, No. CV 15-146-M-DLC, 2016 U.S. Dist. LEXIS 67482, at *7-8 (D. Mont. May 23, 2016); *Phx. Ins. Co. v. Ed Boland Constr., Inc.*, No.

CV-15-71-GF-BMM-JTJ, 2016 U.S. Dist. LEXIS 182162, at *8 (D. Mont. Sep. 15, 2016); and *Chandler v. Sentry Select Ins. Co.,* No. CV 11-46-M-DWM-JCL, 2011 U.S. Dist. LEXIS 128779, at *11, 2011 WL 5325783 (D. Mont. Sep. 22, 2011).

29. Coverage A also requires that any bodily injury or property damage be caused by an "occurrence", which the Policy defines as "an accident, including continuous or repeated exposure to the same generally harmful conditions." Ex. A, at ACUITY 0000019.

30. The Arbitration Demand does not allege any occurrence or accident, but rather intentional conduct for which the consequences and resulting harm was objectively intended and expected from McCoy Excavation's and Christian McCoy's standpoint.

31. Because the Arbitration Demand does not allege any bodily injury or property damage caused by an occurrence, as those terms are defined by the Policy and Montana law, it is impossible to evaluate whether any coverage exclusions apply, but to the extent the Arbitration Demand is deemed to allege property damages caused by an occurrence, any such property damage would be excluded. *See* Coverage A Exclusions a., b., j., k., l., and m., found at Ex. A, at ACUITY 000006-10.

32. Coverage B, Personal and Advertising Injury Liability, provides that Acuity will pay those sums the insureds McCoy Excavation and Christian McCoy[2] become legally obligated to pay as damages because of "personal and advertising injury" to which the Policy applies and which is not otherwise excluded. Ex. A, at ACUITY 0000010. Coverage B further provides that Acuity will defend the insureds against suits seeking covered damages, but that Acuity has no duty to defend insureds against suits seeking damages for "personal and advertising injury" to which the Policy does not apply. *Id*

33. The Arbitration Demand does not seek damages for "personal and advertising injury" because it does not seek damages for "injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your advertisement; or
   g. Infringing upon another's copyright, trade dress or slogan in your advertisement.

Ex. A, at 0000019.

---

[2] *See* note 1, *supra*.

34. Because the Arbitration Demand does not allege any "personal and advertising injury", as that term is defined by the Policy and Montana law, it is impossible to evaluate whether any coverage exclusions apply, but to the extent the Arbitration Demand is deemed to allege any "personal and advertising injury", any such allege any "personal and advertising injury", would be excluded. *See e.g.,* Coverage B Exclusions a., d., e., and f., found at Ex. A, at ACUITY 0000011.

35. The Commercial Excess Liability Coverage of the Policy applies only where the "underlying insurance" applies and is subject to the same terms, conditions, agreements, and exclusions as the underlying insurance. Ex. A, ACUITY 0000053.

36. The "underlying insurance" includes Coverages A and B of the Commercial General Liability Coverage Part. Ex. A, at ACUITY 0000051 and 58.

37. Because neither Coverage A nor Coverage B applies, or the exclusions contained within Coverages A and B apply, there is no coverage available to McCoy Excavation and Christian McCoy under the Commercial Excess Liability Coverage. The Commercial Excess Liability Coverage also contains its own set of exclusions that may be applicable should it be determined that its insuring agreement is triggered. *See e.g.,* Commercial Excess Liability Coverage Exclusions, a., g., and i., found at Ex. A, at ACUITY 0000053-54.

38. The Arbitration Demand seeks damages for economic damages, interest, attorneys' fees and costs, as well as injunctive relief and the return of payments made by Petra to McCoy Excavation and Christian McCoy. Ex. B, Prayer for Relief, p. 14 of 81. The cover sheet for the Arbitration Demand also notes that Petra, Inc. seeks punitive damages. *Id.,* at p. 1 of 81.

39. Notwithstanding any other coverage defenses, because such alleged damages do not constitute property damage, bodily injury, or personal and advertising injury, Acuity owes no duty to defend or indemnify McCoy Excavation and Christian McCoy for the claims asserted in or related to the Arbitration Demand.

40. Because the Arbitration Demand does not allege any covered damages, and exclusions would bar coverage should any covered damages be alleged, Acuity has no duty to defend or indemnify McCoy Excavation and Christian McCoy with respect to the claims asserted in or related to the Arbitration or the Arbitration Demand and Acuity is entitled to declaratory judgment accordingly.

41. Acuity having no duty to defend or indemnify McCoy Excavation and Christian McCoy with respect to the claims asserted in or related to the Arbitration or the Arbitration Demand, Acuity is further entitled to recoup from McCoy Excavation and Christian McCoy all attorneys' fees, defense costs, and indemnity

payments it pays or has paid on McCoy Excavation and Christian McCoy behalf with regard to the claims asserted in or related to the Arbitration or the Arbitration Demand. *Nat'l Indem. Co.,* 2021 MT 300, ¶ 41.

WHEREFORE, Acuity requests that this Court enter Judgment against McCoy Excavation, Christian McCoy, and Petra, Inc. as follows:

A. Declaring that Acuity owes no duty to defend or indemnify McCoy Excavation and Christian McCoy with respect to the claims asserted in or related to the Arbitration or the Arbitration Demand;

B. Ordering McCoy Excavation and Christian McCoy to reimburse Acuity for all sums paid in defense and/or settlement of the Arbitration or the Arbitration Demand, including attorneys' fees, defense costs, court costs, expert witness fees and costs, indemnity payments, and prejudgment interest on those sums;

C. Declaring that the Petra, Inc. may not collect from Acuity any judgment on or settlement of the claims asserted in or related to the Arbitration or the Arbitration Demand;

D. Ordering that McCoy Excavation and Christian McCoy pay Acuity its reasonable attorneys' fees, expert witness fees, and costs incurred in prosecuting this lawsuit; and

E.      Providing further relief the Court deems necessary.

DATED this 13th day of July, 2022.

                                          Ryan T. Heuwinkel
                                Ryan T. Heuwinkel
                                BOHYER, ERICKSON,
                                BEAUDETTE & TRANEL, P.C.
                                *Attorneys for Plaintiff*